UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD ROSENBAUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22 C 1253 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| UNITED STATES OF AMERICA; STATE | ) | |
| OF ILLINOIS; and CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Richard Rosenbaum, as the assignee of rights from Kurtson Realty, LLC ("Kurtson"), brings this lawsuit against the United States of America, the State of Illinois ("the State"), and the City of Chicago ("the City"), alleging an unconstitutional taking in violation of the Fifth Amendment of the United States Constitution. Rosenbaum claims that the combined activities of the Defendants prevented Kurtson from evicting one of its tenants for failing to pay rent. Rosenbaum seeks $21,900 in damages for back rent owed prior to initiation of this lawsuit, as well as $800 for each month since December 2021, when he filed this suit.

Defendants separately filed motions to dismiss Rosenbaum's complaint. The United States moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that under the Tucker Act, 28 U.S.C. § 1491, only the United States Court of Federal Claims has jurisdiction over Rosenbaum's takings claims. The State of Illinois moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the Eleventh Amendment bars Rosenbaum from seeking damages against the State in federal court. The City moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Rosenbaum's damages are not fairly traceable to the City and that he has failed to state a claim against it.

The Court grants the motions to dismiss as to each Defendant. Under the Tucker Act, Rosenbaum can only bring claims exceeding $10,000 in the United States Court of Federal Claims; thus, Rosenbaum cannot assert his claims against the United States here. Because the State is immune from claims for monetary damages in federal court, the Court grants the motion to dismiss as to the State. Finally, because Rosenbaum has failed to adequately allege any connection between the City and the alleged taking, the Court grants the City's motion to dismiss.

## BACKGROUND[1]

Kurtson is a real estate company that rents out apartments. On August 2, 2019, Kurtson acquired a two-unit residential property at 4107 W. 16th St., Chicago, Illinois (the "Property"). Ellis Woodland rented a unit in the building for $800 per month pursuant to a verbal lease with the prior owner. Although Woodland continued to reside at the Property after Kurston acquired it, Woodland never paid rent.

On November 7, 2019, Kurtson received a notice from the Chicago Police Department that the City identified the Property as a public nuisance under Municipal Code of Chicago § 8-4-090 (the "Notice"), due to alleged criminal activity of Woodland. The Notice warned Kurtson that it could be held liable if it permitted illegal activity to continue on its property and stated that "eviction and permanent ban of [the] criminal offender" would be a "reasonable step to address the public nuisance." Doc. 1-2 at 16. On December 23, 2019, Kurtson began the process of evicting Woodland. On January 11, 2021, the Circuit Court of Cook County ordered the eviction of Woodland and awarded Kurtson $12,300, plus court costs. In the intervening time, however,

---

[1] The Court takes the facts in the background section from Rosenbaum's complaint and exhibits attached thereto and presumes them to be true for the purpose of resolving Defendants' motions to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

Illinois Governor J.B. Pritzker implemented an eviction moratorium in response to the COVID-19 pandemic, which prevented Kurtson from enforcing the eviction order.

To combat the economic hardship of the COVID-19 pandemic, the United States implemented the Emergency Rental Assistance Program to assist tenants who were unable to make their rent payments. This program required the cooperation of both tenant and landlord. But, Kurtson could not take advantage of the rental assistance funds because it had already begun the eviction process against Woodland.

On October 3, 2021, the eviction moratorium expired, and as of December 27, 2021, Woodland still occupied the property and had paid no rent. Kurtson assigned its rights to sue to Richard Rosenbaum.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The standard of review for a Rule 12(b)(1) motion to dismiss depends on whether the defendant raises a facial or factual challenge. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction—a facial challenge—the Court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences" in the plaintiff's favor. *Id.* "[W]hen evaluating a facial challenge to subject matter jurisdiction," the Court employs the *Twombly–Iqbal* "plausibility" standard, "which is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)." *Id.* at 174. If, however, the defendant contests the truth of the jurisdictional allegations—a factual challenge—the Court may look beyond the pleadings and view any competent proof submitted by the parties to determine if the plaintiff has established subject matter jurisdiction by a preponderance of the evidence. *See id.* at 173; *Apex*

*Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444–45 (7th Cir. 2009); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

The Fifth Amendment's takings clause (applicable against the states and their subdivisions through the Fourteenth Amendment) provides that private property shall not "be taken for public use, without just compensation." U.S. Const. amend. V. Rosenbaum argues that the combination of the City identifying the Property as a public nuisance, the State implementing an eviction moratorium, and Kurtson's resulting ineligibility under the United States' Emergency Rental Assistance Program, amounted to a taking in violation of the Fifth Amendment.

### I. The United States

The United States argues that it has sovereign immunity and that this Court lacks subject matter jurisdiction because the United States has not consented to being sued for more than

4

$10,000 in a takings claim in federal district court. "It is axiomatic that the United States as sovereign cannot be sued without its consent." *Macklin v. United States*, 300 F.3d 814, 820 (7th Cir. 2002). The Tucker Act provides such consent for takings claims exceeding $10,000; however, it requires that plaintiffs bring these claims in the Court of Federal Claims. *Eastern Enterprises v. Apfel*, 524 U.S. 498, 520 (1998) ("[A] claim for just compensation under the Takings Clause must be brought to the Court of Federal Claims in the first instance, unless Congress has withdrawn the Tucker Act grant of jurisdiction in the relevant statute."). Takings claims seeking less than $10,000 are governed by the Little Tucker Act, 28 U.S.C. § 1346(a)(2), which provides the federal district courts and the Court of Federal Claims with concurrent jurisdiction.

Rosenbaum's complaint pleads damages of "$21,900 plus $800 for every month past December, 2021 that Ellis remains in occupancy plus court costs." Doc. 1-2 at 10. However, Rosenbaum argues that he seeks less than $10,000 from the United States because "a likely outcome would be for the Federal government to provide . . . compensation to be paid from funds already provided to the other Defendants." Doc. 13 at 3. Because any judgment would be paid from the federal funds already dispersed to the State and City, he argues, "the monetary claim against the Federal government would be less than $10,000." *Id.* Regardless of whence the funds would be paid, however, Rosenbaum's complaint plainly seeks more than $10,000 in damages for the alleged taking, and therefore this Court does not have subject matter jurisdiction over this claim.

## II. The State of Illinois

The State first argues that Rosenbaum has failed to state a claim because under 42 U.S.C. § 1983, the State is not a "person" subject to suit. Rosenbaum does not respond to the State's

5

argument that it is not a "person" under Section 1983, and thus has waived the issue. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). Even had he responded, however, the Court would find it appropriate to dismiss the Section 1983 claim against the State because a state is not subject to suit under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a [s]tate nor its officials acting in their official capacities are 'persons' under § 1983").

The State further argues that it has immunity from suit under the Eleventh Amendment. The Eleventh Amendment bars suits against a State in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). Sovereign immunity does not apply where the State consents to suit or federal legislation abrogates the immunity pursuant to a constitutional grant of authority. *Tennessee v. Lane*, 541 U.S. 509, 517 (2004). Illinois has not consented to be sued nor has Congress abrogated the State's sovereign immunity. *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985) ("[S]ection 1983 did not abrogate the states' Eleventh Amendment immunity from damage suits . . . and Illinois has not waived that immunity.").

In response, Rosenbaum argues immunity does not apply because the federal government originally provided the Emergency Rental Assistance Program funds to the State. However, the "mere fact that a State participates in a program through which the Federal Government provides assistance for the operation by the State of a system of public aid is not sufficient to establish consent on the part of the State to be sued in the federal courts." *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State receiving federal funds does not waive sovereign immunity unless Congress specifically requires waiver as a condition to accepting the funds. Because Rosenbaum identifies no such waiver, the Court grants the State's motion to dismiss.

6

**III.     The City of Chicago**

First the City argues that Rosenbaum lacks standing because Kurtson's damages are not fairly traceable to the City. To have standing, Rosenbaum must plead "(1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017) (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157–58 (2014)). As an initial matter, Rosenbaum does not respond to the City's argument, and therefore waives any opposition. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). Moreover, Rosenbaum fails to sufficiently allege standing to sue the City. The complaint states that the inability to evict Woodland and access federal rental assistance funds injured Kurtson. The complaint further alleges that the City issued the police Notice. The complaint does not allege, and the Court cannot reasonably infer, that the City had any role in Kurtson's inability to evict Woodland - which resulted from the Illinois eviction moratorium. In fact, the City's police Notice that is the subject of Rosenbaum's complaint plainly suggested that Kurtson should evict Woodland as a public nuisance.

Rosenbaum further claims that Kurtson could not access federal rental assistance because Woodland would not cooperate. However, the federal government, not the City, created the regulation requiring cooperation. And the multi-step inferences required for Rosenbaum's allegation that the City's police Notice led to Woodland's failure to cooperate, which led to Kurtson's disqualification from the federal program are simply too attenuated to support causation.[2] *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 192 F. Supp. 3d 963,

---

[2] The City argues further that, even if Rosenbaum had standing, the complaint fails to state a claim because: (1) Rosenbaum does not have a recognizable property interest in these federal funds; (2) the City

7

971 (N.D. Ill. 2016) (actions by others in inferential chain not enough to plead causation). Thus, the Court dismisses Rosenbaum's claims against the City.

## CONCLUSION

For the foregoing reasons, the Court grants the motions to dismiss of the United States of America, the State of Illinois, and the City of Chicago [3, 11, 12]. The Court dismisses the complaint with prejudice and terminates this case.

Dated: August 22, 2022

SARA L. ELLIS
United States District Judge

---

did not "take" any of Kurtson's property; and (3) even if the City could be found to have taken Kurtson's property, it did not do so for a public use. Rosenbaum concedes that "the Complaint does not state a claim for taking against the City," but argues the City should still be liable because it received federal funds under the Emergency Rental Assistance Program and that the federal program should have provided an exception for evictions-in-progress. Doc. 13 at 2. Rosenbaum provides no legal support for the argument that the City could somehow be liable for federal program-design or for taking federal funds in this context; therefore, Rosenbaum waives this argument. *United States v. Hook*, 471 F.3d 766, 773 (7th Cir. 2006) (failing to cite legal authority waives argument); *Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010) ("[P]erfunctory and underdeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.").